RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT SAN
JUAN, P.R.

Date:
2025.09.25
16:47:21 -04'00'



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | SUPERSEDING INDICTMENT |
| v. | Criminal No. 25-59 (FAB) |
| [1] EMILIO LOPEZ-VARGAS,<br>　　also known as "Macanita" and "La M",<br>　　(Counts 1-14, 16)<br>[2] JOHN LOPEZ-PERALTA,<br>　　also known as "Macana",<br>　　(Counts 2, 3)<br>[3] VICTOR OMAR HERNANDEZ,<br>　　also known as "El Indio" and "Vic",<br>　　(Counts 3, 12)<br>[4] AXEL MANUEL CARDEC-LUGO,<br>　　also known as "Axel Carde-Lugo" and "Maquina",<br>　　(Counts 3, 12, 13)<br>[5] RICHARD ROMERO-RODRIGUEZ,<br>　　also known as "Riche",<br>　　(Counts 2, 3, 12)<br>[6] OWEN ALEXANDER ROMAN-RAMOS,<br>　　also known as "La O",<br>　　(Counts 3, 10-14)<br>[7] KEVIN ORLANDO COLLAZO-FERNANDEZ,<br>　　also known as "Maluma",<br>　　(Count 3, 12)<br>[8] NOEL MERCADO-ROSA,<br>　　also known as "Sangre",<br>　　(Counts 3, 8, 9, 12, 13)<br>[9] YAMIL YANIEL GONZALEZ-VARGAS,<br>　　also known as "Yamo",<br>　　(Count 3)<br>[10] JEIRIC GILBERTO RAMOS-RODRIGUEZ,<br>　　(Count 3)<br>[11] CARLOS RAMON SANTIAGO-VELAZQUEZ,<br>　　also known as "Gordo"<br>　　(Count 3)<br>[12] HECTOR ARMANDO ROA-RAMOS,<br>　　(Counts 2, 3, 16)<br>[13] JOVANNI PEREZ-GARCIA,<br>　　also known as "Jova" and "Jomo",<br>　　(Counts 3, 12) | Violations:<br>18 U.S.C. § 922(o)<br>18 U.S.C. § 924(a)(2), (c)(1)(A)(i),<br>(c)(1)(B)(ii), (o)<br>18 U.S.C. §§ 1956(a)(1)(B)(i),<br>(a)(1)(B)(ii), (h)<br>18 U.S.C. § 1957<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii),<br>(b)(1)(B)(ii), (b)(1)(B)(vi), (b)(1)(C),<br>(b)(1)(D)<br>21 U.S.C. § 846<br>21 U.S.C. §§ 848(a), (b), (c)<br>21 U.S.C. § 952(a)<br>21 U.S.C. §§ 960(a)(1), (b)(1)(B)(ii)<br>21 U.S.C. § 963<br><br>Forfeiture:<br>18 U.S.C. § 924(d)(1)<br>18 U.S.C. § 928(b)(1)<br>21 U.S.C. § 848(a)<br>21 U.S.C. § 853<br>21 U.S.C. § 970<br>28 U.S.C. § 2461(c) |

[14] WHILHELM LOPEZ-AFANADOR,
    also known as "Wille Bombe",
    (Counts 3, 12, 15)
                Defendants.        |    SIXTEEN COUNTS

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.    "La V" was a large-scale drug trafficking organization directed by [1] EMILIO LOPEZ-VARGAS based out of Camuy, Puerto Rico that operated in coordination with Dominican Republic sources of supply (the "La V" or the "Lopez-Vargas Drug Trafficking Organization"). La V used boats to import multi-kilogram shipments of cocaine from the Dominican Republic into Puerto Rico.

2.    Some of the boats that were utilized by La V had hidden compartments designed to conceal the cocaine. Upon the arrival of the cocaine shipments to Puerto Rico, portions of the cocaine would be distributed and sold throughout Puerto Rico. Other portions of the cocaine shipments would be shipped to the continental United States via a global logistics company and the United States Postal Service. La V utilized employees of the United States Postal Service and a global logistics company to protect the shipments of cocaine sent to the continental United States.

3.    Once the cocaine was transported to the continental United States members of the organization would cut the cocaine with adulterants and repackage it for greater profit. Members of the organization would then provide samples of cocaine to end users to test the quality of the cocaine. Finally, La V would distribute the cocaine to end users.

4.    In Puerto Rico, members of La V would store fentanyl and cocaine at

2

residences where it was packaged for distribution and finally distributed to end users.

5.      Members of the La V also transported firearms from Puerto Rico to the Dominican Republic via vessels.

6.      La V generated substantial income and profit.  The drug proceeds were then laundered back to Puerto Rico.

>       (a)  Often members of La V physically transported drug proceeds from the continental United States via commercial planes;

>       (b)  Members of La V would and did use the proceeds from their drug trafficking operation to purchase weapons and ammunition;

>       (c)  Members of La V invested the proceeds from their drug trafficking operation in real estate properties, some of which were purchased, at least, in part with United States currency;

>       (d)  Members of La V used the proceeds from their drug trafficking to rent properties for the purposes of storing narcotics; and

>       (e)  Members of La V used drug proceeds to purchase vessels, motor vehicles, money counting machines, and jewelry.

7.      La V had various members who occupied the following roles:

>       (a)  Principal Leaders:  who were responsible for the day-to-day organizational and operational decision making in Puerto Rico;

>       (b)  Lieutenants:  who were responsible for the day-to-day organizational and operational decision making of the cells located and operating in the continental United States;

>       (c)  Money Launderers:  who were responsible for conducting financial

transactions with the goal of legitimizing and disguising millions of dollars in narcotics proceeds generated by the organization;

(d) Transporters: who were responsible for the transportation of the narcotics from the Dominican Republic into Puerto Rico, and subsequently into the continental United States; and

(e) Enforcers: who were responsible for protecting and securing the assets and members of the organization from rivals, as well as committing violent acts on behalf of the organization.

8.    Members of La V committed acts of violence to further the objectives of the organization.  These acts of violence served to:

(a) Promote and enhance the prestige, reputation and position of La V amongst rival criminal organizations;

(b) Protect members of La V from arrest and prosecution by silencing, intimidating, and eliminating potential witnesses, while also retaliating against those who provide information or assistance to law enforcement authorities; and

(c) Preserve and protect the territory controlled by La V.

COUNT ONE
Continuing Criminal Enterprise
(21 U.S.C. §§ 848(a), (b), and (c))

1.    The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.    Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico,

4

elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, did knowingly and intentionally engage in a continuing criminal enterprise, in that he committed violations of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 848(e), and 963, as detailed below, which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et. seq.*, undertaken by the defendant in concert with five or more other persons, with respect to whom [1] EMILIO LOPEZ-VARGAS, occupied supervisory and management positions, and was one of several principal administrators, organizers and leaders of the continuing criminal enterprise, and from which continuing series of violations the defendant [1] EMILIO LOPEZ-VARGAS, obtained substantial income and resources. Said violations of the Controlled Substances Act involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a mixture or substance containing a detectable amount of cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below.

## Series of Drug Violations

3.    In furtherance of the enterprise, and to effect the object thereof, in Puerto Rico, and elsewhere, on or about the dates, times and locations set forth below, [1] EMILIO LOPEZ-VARGAS, the defendant herein, in concert with his associates and co-conspirators, committed and caused to be committed, a continuing series of felony drug violations, including but not limited to, the acts set forth as Predicate Acts below:

5

<u>Predicate Act One</u>
(Conspiracy to Import Cocaine into the United States)

4.      Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to import into the United States from any place outside thereof, including the Dominican Republic and elsewhere, one hundred and fifty kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), 963.

<u>Predicate Act Two</u>
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

5.      Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to commit and offense against the United States, that is, to distribute and to possess with intent to distribute (i) one hundred and fifty kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance; and (ii) forty grams or more of a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide), a Schedule II controlled substance. All in violation Title 21,

United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), and 846.

Predicate Act Three
(Importation of Cocaine into the United States
Approximately 35 Kilograms of Cocaine)

6.      On or about February 19, 2025, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein,

aiding and abetting others known and unknown to the Grand Jury, did knowingly and

intentionally import into the United States from any place outside thereof, that is the

Dominican Republic and elsewhere, five kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled Substance.

All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii),

and Title 18, United States Code, Section 2.

Predicate Act Four
(Importation of Cocaine into the United States
Approximately 163 Kilograms of Cocaine)

7.      In or about May 2025, in the District of Puerto Rico, elsewhere, and within the

jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein, aiding and

abetting others known and unknown to the Grand Jury, did knowingly and intentionally

import into the United States from any place outside thereof, that is the Dominican Republic

and elsewhere, five kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title

21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and Title 18, United States

Code, Section 2.

Predicate Act Five
(Importation of Cocaine into the United States
Approximately 201 Kilograms of Cocaine)

8.      On or about June 17, 2025, in the District of Puerto Rico, elsewhere, and within

the jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein, aiding

and abetting others known and unknown to the Grand Jury, did knowingly and intentionally

import into the United States from any place outside thereof, that is the Dominican Republic

and elsewhere, five kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title

21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and Title 18, United States

Code, Section 2.

Predicate Act Six
(Attempted Importation of Cocaine into the United States
Approximately 100 Kilograms of Cocaine)

9.      On or about August 21, 2025, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court, [1] EMILIO LOPEZ-VARGAS, the defendant herein,

aiding and abetting others known and unknown to the Grand Jury, did knowingly and

intentionally attempt to import into the United States from any place outside thereof, that is

the Dominican Republic and elsewhere, five kilograms or more of a mixture or substance

containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance.

All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii),

963, and Title 18, United States Code, Section 2.

Predicate Acts Seven through Fourteen
(Distribution and Possession with Intent to Distribute a Controlled Substance)

10.     On or about the dates listed below, all dates being approximate and inclusive,

[1] EMILIO LOPEZ-VARGAS, the defendant herein, aiding and abetting others known and

8

unknown to the Grand Jury, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offenses involved a substance containing cocaine, a Schedule II narcotic drug-controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii), and (b)(1)(B)(ii), and Title 18, United States Code, Section 2:

| PREDICATE ACT NO. | APPROXIMATE AMOUNT OF COCAINE | DATE(S) OF OFFENSE |
|---|---|---|
| 7 | 1 Kg. | December 23, 2021 |
| 8 | 66 Kg. | May 29, 2022 |
| 9 | 11 Kg. | November 9, 2022 |
| 10 | 1 Kg. | November 11, 2022 |
| 11 | 5 Kg. | January 6, 2023 |
| 12 | 1 Kg. | January 25, 2023 |
| 13 | a detectable amount | January 21, 2025 |
| 14 | 2 Kg. | January 28, 2025 |

11. All in violation of Title 21, United States Code, Sections 848(a), (b), and (c).

COUNT TWO
Conspiracy to Import Cocaine into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), 963)

1.     The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.     Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",
[2] JOHN LOPEZ-PERALTA,
also known as "Macana",
[5] RICHARD ROMERO-RODRIGUEZ,
also known as "Riche", and
[12] HECTOR ARMANDO ROA-RAMOS,

9

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to import into the United States from any place outside thereof, including the Dominican Republic and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963.

COUNT THREE
Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(C), (b)(1)(D), and 846)

1.     The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.     Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",
[2] JOHN LOPEZ-PERALTA,
also known as "Macana",
[3] VICTOR OMAR HERNANDEZ,
also known as "El Indio" and "Vic",
[4] AXEL MANUEL CARDEC-LUGO,
also known as "Axel Carde-Lugo" and "Maquina"
[5] RICHARD ROMERO-RODRIGUEZ,
also known as "Riche",
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",
[7] KEVIN ORLANDO COLLAZO-FERNANDEZ,
also known as "Maluma",
[8] NOEL MERCADO-ROSA,
also known as "Sangre"
[9] YAMIL YANIEL GONZALEZ-VARGAS,
also known as "Yamo"

[10] JEIRIC GILBERTO RAMOS-RODRIGUEZ,
[11] CARLOS RAMON SANTIAGO-VELAZQUEZ,
also known as "Gordo"
[12] HECTOR ARMANDO ROA-RAMOS,
[13] JOVANNI PEREZ-GARCIA,
also known as "Jova" and "Jomo, and
[14] WHILHELM LOPEZ-AFANADOR,
also known as "Wille Bombe",

the defendants herein, did knowingly and intentionally combine, conspire, confederate and

agreed with each other and others known and unknown to the Grand Jury, to commit an

offense against the United States, that is, to distribute and to possess with intent to distribute:

(i) five kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II narcotic drug-controlled substance; (ii) forty grams of more of a mixture

or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -

4-piperidinyl ] propenamide), a Schedule II controlled substance; and (iii) a mixture or

substance containing a detectable amount of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii), (b)(1)(B)(vi),

(b)(1)(D), and 846.

COUNT FOUR
Importation of Cocaine into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii))

On or about February 19, 2025, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did

knowingly and intentionally import into the United States from any place outside thereof,

that is the Dominican Republic and elsewhere, five kilograms or more of a mixture or

11

substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

COUNT FIVE
Importation of Cocaine into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii))

On or about May 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally import into the United States from any place outside thereof, that is the Dominican Republic and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

COUNT SIX
Importation of Cocaine into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii))

On or about June 17, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally import into the United States from any place outside thereof, that is the Dominican Republic and elsewhere, five kilograms or more of a mixture or

12

substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

COUNT SEVEN
Attempted Importation of Cocaine into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), 963)

On or about August 21, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally attempt to import into the United States from any place outside thereof, that is the Dominican Republic and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), 963, and Title 18, United States Code, Section 2

COUNT EIGHT
Possession with Intent to Distribute Cocaine
(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

On or about January 21, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[8] NOEL MERCADO-ROSA,
also known as "Sangre",

the defendants herein, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or

13

substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled

substance. All in violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C),

and Title 18, United States Code, Section 2.

### COUNT NINE
Possession with Intent to Distribute Fentanyl
(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

On or about January 21, 2025, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[8] NOEL MERCADO-ROSA,
also known as "Sangre",

the defendants herein, aiding and abetting each other and others known and unknown to the

Grand Jury, did knowingly and intentionally possess with intent to distribute forty grams or

more of a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1-

( 2-phenylethyl ) -4-piperidinyl ] propenamide), a Schedule II controlled substance. All in

violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C), and Title 18,

United States Code, Section 2.

### COUNT TEN
Possession with Intent to Distribute Cocaine
(21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii))

On or about January 28, 2025, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",

the defendants herein, aiding and abetting each other and others known and unknown to the

Grand Jury, did knowingly and intentionally possess with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT ELEVEN
Possession with Intent to Distribute Fentanyl
(21 U.S.C. §§ 841(a)(1), (b)(1)(C))

On or about January 28, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",

the defendants herein, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide), a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1), and (b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWELVE
Conspiracy to Possess Firearms
18 U.S.C. § 924(o)

1.      The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.      Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

15

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",
[3] VICTOR OMAR HERNANDEZ,
also known as "El Indio" and "Vic",
[4] AXEL MANUEL CARDEC-LUGO,
also known as "Axel Carde-Lugo" and "Maquina",
[5] RICHARD ROMERO-RODRIGUEZ,
also known as "Riche",
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",
[7] KEVIN ORLANDO COLLAZO-FERNANDEZ,
also known as "Maluma",
[8] NOEL MERCADO-ROSA,
also known as "Sangre",
[13] JOVANNI PEREZ-GARCIA,
also known as "Jova" and "Jomo", and
[14] WHILHELM LOPEZ-AFANADOR,
also known as "Wille Bombe",

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, possess one or more firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: Counts One through Eleven of this Superseding Indictment. All in violation of Title 18, United States Code, Section 924(o).

## COUNT THIRTEEN
Possession of Firearms in Furtherance of a Drug Trafficking Crime
(18 U.S.C. §§ 924(c)(1)(A)(i))

1.     The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.     Beginning on a date unknown, but not later than on or about January 2021 and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,

16

also known as "Macanita" and "La M",
[4] AXEL MANUEL CARDEC-LUGO,
also known as "Axel Carde-Lugo" and "Maquina",
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O", and
[8] NOEL MERCADO-ROSA,
also known as "Sangre",

the defendants herein, aiding and abetting each other and other persons known and unknown

to the Grand Jury, did knowingly possess one or more firearms in furtherance of a drug

trafficking crime for which they may be prosecuted in a court of the United States, to wit:

Counts One through Eleven of this Superseding Indictment. All in violation of Title 18,

United States Code, Sections 924(c)(1)(A)(i) and 2.

## COUNT FOURTEEN
Possession of Machine Guns in Furtherance of a Drug Trafficking Crime
(18 U.S.C. §§ 924(c)(1)(B)(ii))

1.      The allegations contained in paragraphs one through eight of the Introduction

are realleged and incorporated as if fully set forth in this paragraph.

2.      Beginning on a date unknown, but not later than on or about January 2021 and

continuing until up to and until on or about September 25, 2025, in the District of Puerto

Rico, elsewhere, and within the jurisdiction of this Court,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",

the defendants herein, aiding and abetting each other and others known and unknown to the

Grand Jury, did knowingly possess machineguns, to wit: (1) one modified Glock pistol, model

19, 9mm caliber, bearing serial number BWYW194; and (2) one modified Anderson rifle,

model AM-15, 5.56 x 45mm caliber, bearing serial number 20339924,  modified to fire

automatically more than one shot, without manual reloading, by a single function of the

trigger, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: as charged in Counts One through Eleven of this Superseding Indictment. All in violation of Tile 18, United States Code, Sections 924(c)(1)(B)(ii) and 2.

### COUNT FIFTEEN
Possession of a Machine Gun
(18 U.S.C. §§ 922(o))

On or about September 29, 2022, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

### [14] WHILHELM LOPEZ-AFANADOR,
also known as "Wille Bombe",

the defendant herein, did knowingly possess a machine gun, that is, a machine gun conversion device, that is, a part designed and intended solely for use in converting a semi-automatic pistol into a machine gun. All in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

### COUNT SIXTEEN
Conspiracy to Launder Narcotics Proceeds
(18 U.S.C. § 1956(h))

1.     The allegations contained in paragraphs one through eight of the Introduction are realleged and incorporated as if fully set forth in this paragraph.

2.     Beginning on a date unknown, but not later than in or about 2021, and continuing up to and until on or about September 25, 2025, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

### [1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[12] HECTOR ARMANDO ROA-RAMOS,

the defendants herein, did knowingly combine, conspire, and agree with each other and others

18

known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, including by:

(a) conducting and attempting to conduct financial transactions involving monetary instruments affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

19

> (c) knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, in violation of Title 18, United States Code, Section 1957.

3.    It was part of the manner and means of the conspiracy that:

> (a) Members of La V enter "money contracts" to transfer drug proceeds from the continental United States to Puerto Rico;

> (b) Money launderers received commissions for their roles in the scheme. The commissions generally reflected a percentage of the illicit proceeds laundered;

> (c) The money launderers arranged for illicit proceeds in the form of bulk United States currency to be picked up from couriers in the continental United States.

> (d) Members of La V met money couriers in public locations in the continental United States. When the bulk currency was transferred between members of La V, the money couriers carried the same serial number of a halved United States dollar bill, known as a "token," to ensure that when the bulk currency was being transferred between the couriers they would know they were meeting the right party. When the deliveries were complete, the courier was expected to obtain proof, which often was a photograph of the token.

> (e) Members of La V would obtain the drug proceeds in Puerto Rico.

4.      All in violation of Title 18, United States Code, Section 1956(h).

CONTINUING CRIMINAL ENTERPRISE FORFEITURE ALLEGATION

1.      The allegations contained in Count One of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Sections 848, and 853.

2.      Pursuant to Title 21, United States Code, Sections 848 and 853, upon conviction of an offense in violation of Title 21, United States Code, Section 848,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",

the defendant herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

(a) A sum of money equal to $11,000,000 in United States currency;

(b) Real property located at Camino Las Flores, Camuy, Puerto Rico 00627: RURAL: Lot 3. Membrillo Ward of Camuy. Area: 841.00 square meters. Its boundaries are by the NORTH, with land owned by a company.; by the SOUTH, with street for public use; by the EAST, with segregated lot identified with the number 4; by the WEST, with lot identified with the number 2.

(c) Real property located at Calle Santa Isabel, Abra Honda No. 5956, Camuy, Puerto Rico 00627: RUSTIC: Located in the Abra Honda Ward in the municipality of Camuy, Puerto Rico, composed of one

21

thousand nine hundred and thirty-seven point six thousand five hundred square meters (1937.6500 m/c), equivalent to point four thousand nine hundred and twentynine cuerdas (.4929 cuerdas). Its boundaries are by the NORTHand individual; on the SOUTH, access to be dedicated to public use and municipal road; on the EAST, remnant of the main property from which it is segregated; and for the WEST, an individual.

(d) 10,537.80 seized from a residence in Bo. Yeguada, Mena Street Interior, in Camuy, Puerto Rico, on January 28, 2025;

(e) $4,373 seized from a blue Toyota Tacoma bearing license plate number 1109502 on January 28, 2025;

(f) a blue Toyota Tacoma bearing license plate number 1109502;

(g) one gold watch seized from a residence in Bo. Yeguada, Mena Street Interior, in Camuy, Puerto Rico, on January 28, 2025;

(h) one modified Glock pistol, model 19, 9mm caliber, bearing serial number BWYW194;

(i) one modified Anderson rifle, model AM-15, 5.56 x 45mm caliber, bearing serial number 20339924, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(j) Ten Rifle magazines seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(k) One .223 Caliber drum style magazine seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(l) One 9mm caliber magazine with a 40 round capacity, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(m) Thirty-five rounds of caliber .357 ammunition, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025; and

(n) Fifty-six rounds .223 caliber ammunition seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025.

3.     If any of the property described above, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## NARCOTICS FORFEITURE ALLEGATION

1.     The allegations contained in Counts Two through Eleven of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2.     Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841, 846, 952, or 963,

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M",
[2] JOHN LOPEZ-PERALTA,
also known as "Macana",
[3] VICTOR OMAR HERNANDEZ,
also known as "El Indio" and "Vic",
[4] AXEL MANUEL CARDEC-LUGO,
also known as "Axel Carde-Lugo" and "Maquina"
[5] RICHARD ROMERO-RODRIGUEZ,
also known as "Riche",
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",
[7] KEVIN ORLANDO COLLAZO-FERNANDEZ,
also known as "Maluma",
[8] NOEL MERCADO-ROSA,
also known as "Sangre"
[9] YAMIL YANIEL GONZALEZ-VARGAS,
also known as "Yamo"
[10] JEIRIC GILBERTO RAMOS-RODRIGUEZ,
[11] CARLOS RAMON SANTIAGO-VELAZQUEZ,
also known as "Gordo"
[12] HECTOR ARMANDO ROA-RAMOS,
[13] JOVANNI PEREZ-GARCIA,
also known as "Jova" and "Jomo", and
[14] WHILHELM LOPEZ-AFANADOR,
also known as "Wille Bombe",

the defendants herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not

24

limited to, in the properties listed in the Continuing Criminal Enterprise Forfeiture Allegation of this Superseding Indictment.

3.     If any of the property described above, as a result of any act or omission of the defendants:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## FIREARMS FORFEITURE ALLEGATION

1.     The allegations contained in Counts Twelve through Fifteen of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1).

2.     Pursuant to Title 18, United States Code, Section 924(d)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 924, as set forth in Counts Twelve through Fifteen of this Superseding Indictment,

> [1] EMILIO LOPEZ-VARGAS,
> also known as "Macanita" and "La M",
> [3] VICTOR OMAR HERNANDEZ,
> also known as "El Indio" and "Vic",
> [4] AXEL MANUEL CARDEC-LUGO,
> also known as "Axel Carde-Lugo" and "Maquina",
> [5] RICHARD ROMERO-RODRIGUEZ,

25

also known as "Riche",,
[6] OWEN ALEXANDER ROMAN-RAMOS,
also known as "La O",
[7] KEVIN ORLANDO COLLAZO-FERNANDEZ,
also known as "Maluma",
[8] NOEL MERCADO-ROSA,
also known as "Sangre",
[13] JOVANNI PEREZ-GARCIA,
also known as "Jova" and "Jomo", and
[14] WHILHELM LOPEZ-AFANADOR,
also known as "Wille Bombe",

the defendants herein, shall forfeit to the United States any firearms and ammunition involved in the commission of the offense, including, but not limited to:

(a) one modified Glock pistol, model 19, 9mm caliber, bearing serial number BWYW194;

(b) one modified Anderson rifle, model AM-15, 5.56 x 45mm caliber, bearing serial number 20339924, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 1, 2025;

(c) Ten Rifle magazines seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(d) One .223 Caliber drum style magazine seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

(e) One 9mm caliber magazine with a 40 round capacity, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025;

26

(f) Thirty-five rounds of caliber .357 ammunition, seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025; and

(g) Fifty-six rounds .223 caliber ammunition seized from a residence located at Carr # 486 Bo Zanjas, Sector Camino Pipo Crespo, Camuy, Puerto Rico on January 21, 2025.

## MONEY LAUNDERING FORFEITURE ALLEGATION

1.     The allegations contained in Count Sixteen of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.     Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h),

[1] EMILIO LOPEZ-VARGAS,
also known as "Macanita" and "La M", and
[12] HECTOR ARMANDO ROA-RAMOS,

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the properties listed in the Continuing Criminal Enterprise Forfeiture Allegation of this Superseding Indictment.

3.     If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

27

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

TRUE BILL.

FOREPERSON

Date: 25-IX-2025

W. STEPHEN MULDROW
United States Attorney

Myriam Y. Fernández-González
Assistant United States Attorney, Chief
Asset Recovery, Money Laundering, and Transnational Organized Crime

María L. Montañez-Concepción
Assistant United States Attorney, Deputy Chief
Asset Recovery, Money Laundering, and Transnational Organized Crime

Ryan R. McCabe
Assistant United States Attorney